UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRY K. JOHNSON,

    Plaintiff,

v.                                                           Case No: 8:16-cv-761-T-33JSS

HILLSBOROUGH COUNTY CIRCUIT
COURT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on pro se Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*, and Plaintiff's Complaint. (Dkts. 1, 2). For the reasons that follow, the Court recommends that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be denied without prejudice and that Plaintiff's Complaint be dismissed without prejudice, with leave to file an amended complaint.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). However, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff has filed an affidavit of indigency, but the affidavit is not notarized as required by the form and leaves several questions blank. For example, Plaintiff fails to provide information regarding her previous employment, her current dollar contribution to dependents, or her monthly financial obligations. (Dkt. 2.) Based on these deficiencies, the Court is unable to determine Plaintiff's financial eligibility to proceed *in forma pauperis*.

Additionally, upon review of Plaintiff's Complaint, it is unclear whether the Court has jurisdiction over Plaintiff's claims. Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A federal court may raise jurisdictional issues on its own initiative at any stage of litigation, and the court may dismiss a complaint for lack of subject-matter jurisdiction based on the complaint alone. *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014).

In the complaint, Plaintiff appears to sue the Thirteenth Judicial Circuit, Hillsborough County, Florida, challenging that court's Order of Re-Adjudication of Dependency, Judgment, and Termination of Parental Rights, and Final Disposition and Permanent Commitment. (Dkt. 1.) To the extent that Plaintiff seeks to challenge the state court action, a federal court lacks subject-matter jurisdiction over a collateral challenge to a state court proceeding. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (stating that federal district courts cannot review state court final judgments "because that task is reserved for state appellate courts" under the *Rooker–Feldman*

doctrine, which applies both to federal claims raised in the state court and to those "inextricably intertwined" with the state court's judgment); *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) (finding that the district court lacked subject-matter jurisdiction over the plaintiff's challenge of a state court proceeding terminating the plaintiff's parental rights and stating that "federal courts are not a forum for appealing state court decisions"). As Plaintiff's Complaint fails to provide a statement of the grounds for the Court's jurisdiction, the Complaint is deficient and is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is recommended that Plaintiff be required to file an amended complaint that complies with the Federal Rules of Civil Procedure. *Butler*, 562 F. App'x at 835 (stating that a district court must grant a plaintiff at least one opportunity to amend his or her complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure the deficiency). Upon consideration, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff be required to either pay the filing fee to continue this action or file a notarized and complete Affidavit of Indigency upon filing an amended complaint.[1]

3. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice, with leave to file an

---

[1] These forms, listed as "Affidavit of Indigency" and "Application to Proceed without Prepayment of Costs – Long Form," can be found at the "Forms" section, "General" subsection, of this Court's website at http://www.flmd.uscourts.gov. If Plaintiff does not have access to the Internet to download this form, Plaintiff may obtain the form by contacting the Clerk's Office at 813-301-5400.

amended complaint that complies with the Federal Rules of Civil Procedure.

**IT IS SO REPORTED** in Tampa, Florida on March 31, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Party